IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Rosemary Richardson and Michael Richardson,<br><br>    Plaintiff(s),<br><br>    vs.<br><br>Let's Pave, LLC, Diamond Solutions, Inc., Centerpoint Station, LLC, and Phillips Edison Grocery Center Operating Partnership I, L.P.,<br><br>    Defendant(s), | **Civil Action No.: 8:23-CV-1947-DCC**<br><br><br>**ANSWER TO AMENDED COMPLAINT BY CENTERPOINT STATION, LLC AND PHILLIPS EDISON GROCERY CENTER OPERATING PARTNERSHIP I, L.P.** |

Centerpoint Station, LLC ("Centerpoint Station"), and Phillips Edison Grocery Center Operating Partnership I, L.P. ("Phillips Edison") (collectively, "Defendants"), reserving the right to file a motion pursuant to Rule 12 of the Federal Rules of Civil procedure, or any other dispositive motion, hereby respond to the Amended Complaint of Rosemary Richardson and Michael Richardson ("Plaintiffs") by denying each and every allegation not herein admitted, by demanding strict proof thereof, and further responding as follows:

**FOR A FIRST DEFENSE AND BY WAY OF ANSWER**

1.     Each and every allegation not herein admitted is hereby denied and strict proof thereof demanded.

2.     Defendants lack sufficient information to admit or deny the allegations in Paragraphs 1, 2, and 3 of the Amended Complaint and, therefore, denies the same.

3.     In response to Paragraph 4 of the Amended Complaint, Centerpoint Station, LLC, is a Delaware limited liability company that holds/owns the shopping center located at 6525-6615

1

283666508v.2

Calhoun Memorial Highway, Easley, South Carolina. Any allegations in Paragraph 4 inconsistent herewith are denied.

4. In response to Paragraph 5 of the Amended Complaint, Phillips Edison Grocery Center Operating Partnership I, L.P., is a Delaware limited partnership that operates Centerpoint Station. Any allegations in Paragraph 5 inconsistent herewith are denied.

5. Paragraph 6 of the Amended Complaint states legal conclusions related to venue and jurisdiction that require no response. To the extent a response is required, Defendants do not contest venue or jurisdiction at this time but reserves the right to do so as discovery progresses.

6. Paragraphs 7 and 8 of the Amended Complaint are admitted.

7. Defendant is without knowledge as to the allegations of Paragraph 9 of the Amended Complaint and therefore denies.

8. Defendants lack sufficient information to admit or deny the allegations in Paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19 of the Amended Complaint and, therefore, deny the same.

9. Paragraphs 20, 21, 22, and 23, and 24 of the Amended Complaint are denied.

10. In response to the unnumbered paragraph following Paragraph 24 of the Amended Complaint, Defendants reallege and reiterate the above defenses and responses in Paragraphs 1 through 24, above, as if stated herein verbatim.

11. Defendants contends the allegations of Paragraph 25, 26, 27, 28, and 29 of the Amended Complaint contain legal conclusions to which no response is required. Should a response be called for, Defendants deny the allegations.

12. Paragraphs 30, 31 (including all subparts), 32, and 33 of the Amended Complaint are addressed to other co-defendants and require no response from these answering Defendants.

283666508v.2

To the extent Paragraphs 25, 27, 28, 29, 30, 31 (including all subparts), 32, and 33 allege any wrongdoing or liability on behalf of these Defendants, those allegations are denied.

13.     In response to Plaintiff's unnumbered Paragraph between Paragraphs 33 and 34 of the Amended Complaint, Defendants reallege and reiterate the above defenses and responses in Paragraphs 1 through 12, above, as if stated herein verbatim.

14.     Paragraph 34 of the Amended Complaint is admitted.

15.     Paragraphs 35, 36, 37, 38, 39, 40, 41, 42, 43, 44 (including all subparts), 45, and 46 of the Amended Complaint are denied.

16.     In response to Plaintiff's unnumbered Paragraph between Paragraphs 46 and 47 of the Amended Complaint, Defendants reallege and reiterate the above defenses and responses in Paragraphs 1 through 15, above, as if stated herein verbatim.

17.     Defendants lack sufficient information to admit or deny the allegations of Paragraph 47 of the Amended Complaint and, therefore, deny the same.

18.     Paragraphs 48 and 49 of the Amended Complaint are denied.

19.     Defendants deny Plaintiff is entitled to the relief sought in their "WHEREFORE" Paragraph of the Amended Complaint.

<b><u>FOR A SECOND DEFENSE</u></b>

20.     The allegations contained in Plaintiff's Amended Complaint fail to set forth sufficient facts to constitute a cause of action as to Defendants; therefore, Plaintiff's Amended Complaint must be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

<b><u>FOR A THIRD DEFENSE</u></b>

21.     Defendants would show that such injury or loss as Plaintiff may have sustained as set forth in the Amended Complaint was due to, caused, and occasioned by the sole negligence of

3

Plaintiff at the time and place in question. Defendants plead the sole negligence of Plaintiff as a bar to this action against it.

## FOR A FOURTH DEFENSE

22.     Even if Defendant was negligent in any respect, which is expressly denied, and such conduct operated as a proximate cause of Plaintiff's injuries, if any, which is expressly denied, Defendants allege Plaintiff's negligent, grossly negligent, reckless, willful and wanton conduct contributed more than fifty percent (50%) to the cause of the accident and, therefore, Plaintiff's claims are barred.

## FOR A FIFTH DEFENSE

23.     Even if Defendants were negligent in any respect, which is expressly denied, and even if such conduct on the part of Defendant operated as a greater than fifty percent (50%) cause of Plaintiff's injuries, if any, which is also denied, Defendants are entitled to a determination as to the percentage which one or more or all of Plaintiff's negligent, grossly negligent, reckless, willful and wanton conduct contributed to Plaintiff's accident and resulting injuries, if any, and to a reduction of any amount awarded to Plaintiff by an amount equal to the percentage of Plaintiff's own negligence.

## FOR A SIXTH DEFENSE

24.     Assuming, arguendo, the existence of a defective or dangerous condition, Plaintiff either knew or should have known of any alleged deficiencies in the subject property and accepted the same with such knowledge. As a result, Plaintiff's recovery should be barred.

## FOR A SEVENTH DEFENSE

25.     Plaintiff's claims may be barred by the doctrine of open and obvious condition and/or known and expected condition.

283666508v.2

## FOR AN EIGHTH DEFENSE

26.    Under South Carolina law, in premises liability matters, the patron is under a duty to see objects or conditions in plain view that are at a location where they are customarily expected to be.  Accordingly, Defendants aver Plaintiff's claims may be barred pursuant to the "plain view" doctrine.

## FOR A NINTH DEFENSE

27.    A patron is charged with exercising ordinary care for personal safety and using ordinary care to avoid the effect of the owner/occupier's negligence after that negligence becomes apparent to the patron or in the exercise of ordinary care the invitee should have learned of it.  In the exercise of ordinary care, the patron must use all senses to discover and avoid hurtful things. Assuming, arguendo, a defective condition existed in the instant case, which is strictly denied, Plaintiff nevertheless failed to exercise ordinary care to discover and avoid hurtful things in the instant case.  Plaintiff's failure to exercise this ordinary care may bar her from recovery in the instant case.

## FOR A TENTH DEFENSE

28.    Any injuries sustained by Plaintiff may be due to and caused by the sole negligence of third persons over whom Defendants had no control; therefore, Defendants should not be liable to Plaintiff in any sum whatsoever.

## FOR AN ELEVENTH DEFENSE

29.    Any injuries sustained by Plaintiff may be due to and caused by the intervening and superseding acts of negligence, carelessness, recklessness, and gross negligence on the part of third

283666508v.2

persons as a proximate cause of injuries as alleged, if any; therefore, Defendants should not be liable to Plaintiff in any sum whatsoever.

## FOR A TWELFTH DEFENSE

30.     Assuming, arguendo, the existence of a defective or dangerous condition, the injuries or losses as Plaintiff allegedly sustained, if any, were caused by Plaintiff's assumption of a known risk or expected condition; accordingly, Defendants plead Plaintiff's assumption of a known risk or expected condition as a complete defense to this action.

## FOR A THIRTEENTH DEFENSE

31.     Plaintiff's claims may be barred by the doctrines of waiver, estoppel, and/or laches.

## FOR A FOURTEENTH DEFENSE

32.     Any recovery by Plaintiff must be reduced or offset by amounts Plaintiff has received or will receive from others for the same injuries claimed in this lawsuit.

## FOR A FIFTEENTH DEFENSE

33.     Plaintiff's claims may be barred or otherwise reduced due to Plaintiff's failure to mitigate damages as required by law.

## FOR A SIXTEENTH DEFENSE

34.     The claims against Defendant may be barred by applicable statutes of limitation and/or statutes of repose.

## FOR A SEVENTEENTH DEFENSE

35.     To the extent Plaintiff may be seeking punitive damages, punitive damages, as currently awarded in South Carolina, are violative of the United States Constitution and South Carolina Constitution, as well as the holding of State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003), and the cases upon which it is based.

283666508v.2

## FOR AN EIGHTEENTH DEFENSE

36.     Pursuant to Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S.Ct. 1678 (2001), if punitive damages are recoverable, which is denied, the amount of punitive damages "[are] not really a fact tried by the jury;" therefore, Plaintiffs' request for punitive damages "to be determined by the jury" violates the United States Constitution.

## FOR A NINETEENTH DEFENSE

37.     The U.S. Constitution's Due Process Clause "forbids a State to use punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly [do not] represent," Phillip Morris USA v. Williams, 549 U.S. 346, 127 S.Ct. 1057, 1063 (2007), and, therefore, to the extent that Plaintiff seeks an award of punitive damages for potential or speculative harm to non-parties to the present action, such prayer for relief is unconstitutional and must be struck from the pleadings and is otherwise inadmissible at trial.

## FOR A TWENTIETH DEFENSE

38.     Defendants did not engage in any willful, malicious, or other action entitling Plaintiff to an award of punitive damages.  Notwithstanding Defendants' prior defenses incorporating Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S.Ct. 1678 (2001) and State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003), and the cases upon which they are based, in the event the trial court permits the jury to return a punitive damages award in the instant case, such damages are to be limited to an amount that is no greater than the jury's award of actual damages, as explicated within Exxon Shipping Co. v. Baker, 554 U.S. 471, 128 S.Ct. 2605 (2008).

7

## FOR A TWENTY-FIRST DEFENSE

39.    With respect to Plaintiff's request for punitive damages, Defendants are entitled to the protections set forth in S.C. Code Ann. §§ 15-32-510 through 15-32-540.

## FOR A TWENTY-SECOND DEFENSE

40.    Defendants specifically reserve and do not waive any additional and/or affirmative defenses as may be available to them or revealed to them during the course of the investigation and/or discovery in this case.

## JURY DEMAND

41.    Defendants demand a jury on all issues so triable.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendants Centerpoint Station, LLC, and Phillips Edison Grocery Center Operating Partnership I, L.P. respectfully requests that:

1.    Plaintiff takes nothing by this action;

2.    A judgment of dismissal be entered in favor of Defendants;

3.    Defendants be awarded the cost of the suit incurred; and

4.    Defendants be awarded such other and further relief as the Court deems proper.

[Signature on following page]

283666508v.2

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*s/ Anthony M. Ibarra*

Anthony M. Ibarra (Fed ID No. 12978)
Rebecca Rayner (Fed ID 13424 )
525 N. Tryon Street, Ste. 1600
Charlotte, NC 28202
T:  704.302.1337
F:  704.302.1331
E:  anthony.ibarra@wilsonelser.com

Attorneys for Centerpoint Station, LLC, and
Phillips Edison Grocery Center Operating
Partnership I, L.P.

October 3, 2023
Columbia, South Carolina

283666508v.2