IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Rosemary Richardson and Michael Richardson, <br><br>　　　　　Plaintiffs, <br><br>v. <br><br>Let's Pave, LLC; Diamond Solutions, Inc.; Centerpoint Station, LLC; and Phillips Edison Grocery Center Operating Partnership I, L.P., <br><br>　　　　　Defendants. | C/A No. 8:23-CV-01947-DCC <br><br><br>**OPINION AND ORDER** |

　　　This matter comes before the Court on Plaintiffs' Amended Motion to Compel complete responses to Plaintiff's first set of Requests for Production from Defendants Let's Pave, LLC and Diamon Solutions, Inc. (collectively, the "Responding Defendants") following a telephone discovery conference held by the undersigned on June 20, 2024. ECF No. 75.[1]

　　　Plaintiffs filed their Amended Motion to Compel on August 28, 2024.  *Id.*  Plaintiffs' Request for Production 11 to both the Responding Defendants requested,

> Copies of all written communications (including digital communications such as text messages and emails) regarding the subject incident and/or the condition of the subject parking lot, curb cut, curb stop, ramp, and/or sidewalk . . . include[ing] internal communications between [the Defendant's] employees/agents/members, communications with the Plaintiffs, communications with co-Defendants, third parties, and insurers.

---

[1] Plaintiffs previously filed Motion to Compel, ECF No. 73, is superseded by the pending Amended Motion to Compel and is therefore denied as moot.

*Id.* at 1–2. Plaintiffs represent that "[o]ther than Let's Pave, LLC's internal logs, absolutely no communications of any form have been produced by Let's Pave, LLC or Diamond Solutions, Inc.," despite the Court's instruction to the Responding Parties at the June 20, 2024, telephone conference to either supplement their responses or update them indicating none of the requested information exists. *Id.* at 2. Plaintiffs now ask the Court to issue an Order compelling the Responding Defendants to produce all requested communications or supplement their prior responses indicating the communications no longer exist and setting forth what steps were taken to locate and produce the requested communications. *Id.* at 2–3. The Responding Defendants have filed no response to Plaintiffs' Motion.

Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A matter is relevant if it has any tendency to make a fact of consequence to the action more or less probable than it would be otherwise. Fed. R. Evid. 401. The district court may broadly construe this and the other rules enabling discovery, but it "must limit the frequency or extent of discovery otherwise allowed" if it determines that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; if the requesting party "has had ample opportunity to obtain the information by discovery in the action"; or if it is otherwise "outside the scope permitted by Rule 26(b)(1)." Fed R. Civ. P. 26(b)(2). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1993).

2

Upon due consideration, the Court finds that the Responding Defendants have failed to completely respond to Plaintiffs' first set of Requests for Production, and Plaintiffs' Requests concern a nonprivileged matter that is relevant to their claim and proportional to the needs of the case. The Court further finds that counsel for Plaintiffs and the Responding Defendants have been actively engaged in attempts to resolve the instant discovery dispute without success and that the instant Motion is now appropriate.

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Compel, ECF No. 75, and hereby orders the Responding Defendants to fully and completely respond to Plaintiff's First Set of Interrogatories and Requests for Production by producing all requested communications or supplementing their prior responses indicating the communications no longer exist and setting forth what steps were taken to locate and produce the requested communications within ten (10) days. Should the Responding Defendants fail to comply with the terms of this discovery Order, the Responding Defendants may be subject to sanctions pursuant to Federal Rule Civil Procedure 37(b).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 10, 2024
Spartanburg, South Carolina